## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| VICTORIA COLEMAN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:21-CV-106-JVB-JPK |
| | ) | |
| UNKNOWN PERSONS OF THE UNITED | ) | |
| STATES MARSHAL SERVICE, UNKNOWN | ) | |
| PERSONS OF THE ALCOHOL, TOBACCO, | ) | |
| AND FIREARM AGENCY, and UNKNOWN | ) | |
| PERSONS OF THE GARY, INDIANA | ) | |
| POLICE DEPARTMENT, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff has asked the Court for leave to litigate her case in forma pauperis. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss this cause of action if it is determined that the action fails to state a claim on which relief may be granted. For the following reasons, the Court dismisses this cause of action.

In the Amended Complaint, Plaintiff alleges unknown defendants violated her rights on April 2, 2019, when they entered her home to look for her son. She alleges that weapons were drawn and aimed at her and that she was twice "slammed" to the floor.

However, "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

Normally, "when the substance of a pro se civil rights complaint indicates the existence of claims against individual officials not specifically named in the caption of the complaint, the district court must provide the plaintiff with an opportunity to amend the complaint." *Donald v.*

*Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). Further, "[t]o the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation." *Id.* "[T]he court may assist the plaintiff . . . by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible." *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996).

Here, however, it is too late to do that because the statute of limitations has already expired. "The statute of limitations for both § 1983 and *Bivens* actions is determined by the statute of limitations for personal injury actions in the state where the incident forming the basis of the claim occurred." *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000). In Indiana, the statute of limitations is two years. *See* Ind. Code § 34-11-2-4.

"[P]laintiffs cannot, after the statute of limitations period, name as defendants individuals that were unidentified at the time of the original pleading. Not knowing a defendant's name is not a mistake under Rule 15." *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008). In some circumstances, Indiana law recognizes that the doctrine of equitable tolling allows a plaintiff to avoid the statute of limitations. *Wabash Grain, Inc., v. Smith*, 700 N.E.2d 234, 239-40 (Ind. Ct. App. 1998). However, equitable tolling does not apply here.

At the time of the event alleged in her Amended Complaint, Plaintiff knew what had allegedly happened to her, but she did not pursue her claim. None of the material facts necessary to know of the allegedly wrongful acts were concealed from her; only the identity of the officers was unknown. *See Hughes v. Glaese*, 659 N.E.2d 516, 519 (Ind. 1995) (quoting *Hospital Corp. v. Hiland*, 547 N.E.2d 869, 873 (Ind. Ct. App. 1989)) ("The doctrine of fraudulent concealment operates to estop a defendant from asserting a statute of limitations defense when that person, by

deception or a violation of a duty, has concealed material facts from the plaintiff thereby preventing discovery of a wrong."). That is, Plaintiff knew of the alleged wrong; what she did not know was the names of the alleged wrongdoers.

The doctrine of equitable tolling provides that "a person is not required to sue within the statutory period if [she] cannot in the circumstances reasonably be expected to do so." *Heck v. Humphrey*, 997 F.2d 355, 357 (7th Cir. 1993) (quotation marks and citation omitted). Here, not knowing the defendants' names did not prevent Plaintiff from filing a complaint. As discussed above, she could have filed the complaint earlier and received the Court's help to discover the alleged wrongdoers' names before the limitations period ended. She did not, and her claims are now time-barred. Therefore, these claims must be dismissed.

## CONCLUSION

Based on the foregoing, the Court hereby **DISMISSES** this cause of action.

SO ORDERED on May 6, 2021.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

3